UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JEFFREY MCMAHON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DIRECTOR OF NURSING HDSP, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:24-CV-00442-ART-CLB<br><br>**ORDER DENYING MOTION FOR MEDIATION INFORMATION AND MOTION FOR DEFENDANTS TO ACCEPT SERVICE**<br><br>[ECF Nos. 11, 12] |

　　　　On April 22, 2025, this Court entered a screening order in this case permitting this case to proceed on an Eighth Amendment Deliberate Indifference to Serious Medical Condition claim against various defendants. (ECF No. 8.) In that order, the Court expressly stayed this case for 90 days. (*Id*. at 6.) The Court ordered that during the 90-day stay, "no other pleadings or papers may be filed in this case." (*Id*.) After the entry of the stay, Plaintiff filed the following two motions: (1) motion/request for mediation information, (ECF No. 11); and, (2) motion/request for Defendants acceptance of service. (ECF No. 12.) For the reasons stated below, these motions are denied.

　　　　First, Plaintiff filed these motions in violation of the Court's 90-day stay, which prohibits the filing of any additional pleading or paper during the pendency of the stay. (ECF No. 8 at 6.) On this basis alone, these motions should be denied. However, these motions are also premature. With respect to the motion requesting information related to the mediation, the Court's screening order expressly states that it will issue a subsequent order regarding the mediation. (*See* ECF No. 8 at 6.) That order will set the date and time for the mediation and provide all the necessary information that the Plaintiff is requesting related to the mediation, including the requirements for any mediation statement, what to expect at the mediation, and the like. Moreover, the screening order also explains that, if the parties do not settle the case at mediation, the Court will issue an order setting the date for Defendants to answer or otherwise respond, which will also address the issue of service. (*Id*.) Thus, Plaintiff's request for defendants to accept service is also premature.

For all these reasons, Plaintiff's motions, (ECF Nos. 11, 12), are **DENIED**.

While the Court understands Plaintiff is proceeding *pro se* and may be unfamiliar with the processes of litigating a case, he is cautioned and reminded that all litigants, whether appearing *pro se* or represented by an attorney, are required to follow the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's orders. *See, e.g.*, *Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("pro se litigants are not excused from following court rules"); *King Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("[p]ro se litigants must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Plaintiff is reminded to read and review the Court's orders closely before filing motions in the future. Moreover, Plaintiff is also cautioned that the Court may strike without further prior notice any additional motion he files that violates the stay in this case or the Court's rules or orders.

**IT IS SO ORDERED**.

**DATED**: <u>July 2, 2025</u>

_____
**UNITED STATES MAGISTRATE JUDGE**